## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 17-10109-01-EFM

MIKEM LIVINGSTON,

    *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Mikem Livingston's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 116). He seeks early release from prison due to the COVID-19 pandemic. He asserts that should he contract COVID-19, he is more susceptible to severe complications because of his underlying health condition of asthma and his African-American race. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

### I.  Factual and Procedural Background

On April 3, 2018, Defendant pleaded guilty to distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). On September 7, 2018, Defendant was sentenced to 60 months' imprisonment.

Defendant is 35 years old, and he is currently incarcerated at Oklahoma City FTC. There have been 318 positive COVID-19 cases in the facility in which Defendant is housed, and two inmates have died.[1] Currently, there are 38 active inmate cases, 57 active staff cases, and one pending inmate test. Defendant's projected release date is December 25, 2021.

On December 8, 2020, Defendant, through counsel, filed a motion seeking early release from prison due to the risk of contracting COVID-19. He states that due to his underlying health condition of asthma and his African-American race, he is more susceptible to severe complications should he contract COVID-19. Thus, he seeks early release from prison.

## II.     Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[2] It allows defendants to seek early release from prison provided certain conditions are met. First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the [Bureau of Prisons' ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[3] The administrative exhaustion requirement is jurisdictional and cannot be waived.[4]

---

[1] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited January 26, 2021).

[2] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[3] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[4] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116-17 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction); *cf. United States v. Younger*, 2020 WL 3429490, at *3 (D. Kan. 2020) (reasoning that the Sixth Circuit's approach articulated in *United States v. Alam*,

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[5]  Finally, the Court must ensure that any reduction in the defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[6]

### III.  Analysis

Defendant seeks early release based on an underlying health condition of asthma, his African-American race, and the spread of COVID-19 in prison. The government asserts that Defendant is not an appropriate candidate for early release.

**A.  Exhaustion**

Defendant has satisfied the exhaustion requirement described in § 3582(c).  He requested compassionate release from the Warden on July 23, 2020, which was denied on September 2, 2020. As of the date this motion was filed, more than 30 days had passed since Defendant's request.  The

---

960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[5] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[6] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

government also admits that Defendant meets the exhaustion requirement. Thus, the Court will proceed and determine the merits of Defendant's motion.

**B.      Extraordinary and Compelling Reasons**

Defendant next asserts that his medical condition of asthma, coupled with his African-American race and the outbreak of COVID-19 in prison, constitutes an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A). Moderate to severe asthma is listed by the Centers for Disease Control and Prevention ("CDC") as a condition that might be at increased risk for severe illness from COVID-19.[7] This statement by the CDC does not indicate that individuals with asthma *are* at increased risk but rather that they *might* be at increased risk.[8] Furthermore, Defendant does not even demonstrate that he has moderate or severe asthma. Although his BOP records indicate that he has asthma, there is no indication that it is moderate or severe. Indeed, his medical records note that Defendant failed to pick up his prescribed medications for his asthma. Thus, the Court concludes that Defendant's condition of asthma does not constitute an underlying health condition that demonstrates an extraordinary or compelling reason warranting release.[9]

---

[7] CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited January 26, 2021).

[8] *Id.* (noting certain conditions, such as cancer, are at increased risk of severe illness while other conditions, such as moderate-to-severe asthma, might be at an increased risk).

[9] *United States v. Harris*, 2020 WL 7122430, at *7-8 (D. Kan. 2020) (collecting cases from the District of Kansas and noting the more recent cases denying a defendant's request for compassionate release based on asthma as an underlying health condition).
    The government states that per Department of Justice ("DOJ") policy and CDC guidance, Defendant's medical condition of asthma in the context of the COVID-19 pandemic constitutes an extraordinary and compelling reason. The government contends, however, that when balanced with the § 3553(a) factors, Defendant fails to demonstrate a situation so severe that release is warranted.

Defendant also contends that his race, African-American, contributes to an increased risk of severe complications should he contract COVID-19. There is some evidence that racial and ethnic minority groups are disproportionately affected by COVID-19 and may be at increased risk for severe COVID-19 complications.[10] It is not clear, however, that race is an independent risk factor for COVID-19 complications, but rather other environmental factors contribute to the inequity.[11] Thus, the Court concludes that Defendant's race is not an appropriate factor to consider when determining whether Defendant presents an extraordinary or compelling reason warranting release.

Although the Court is sympathetic to Defendant's concerns and recognizes that Defendant's risk of contracting COVID-19 may be higher due to his underlying health condition of asthma, he does not show a relatively high risk. Generalized concerns, and the mere possibility that Defendant may contract COVID-19 and then have severe complications, does not create the type of extraordinary and compelling circumstances sufficient to justify compassionate release.[12]

---

[10] CDC, *Health Equity Considerations and Racial and Ethnic Minority Groups*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precations/racial-ethnic-minorities.html (last visited January 26, 2021).

[11] *Id*. (noting discrimination; healthcare access and utilization; occupation; educational, income, and wealth gaps; and housing as contributors to racial and ethnic minority groups' increased risk to COVID-19 complications); *see also Harris*, 2020 WL 7122430, at *8-11 (engaging in a detailed analysis of race and a COVID-19 study and concluding that the defendant's African-American race did not present an extraordinary or compelling reason warranting modification of his sentence); *United States v. Jackson*, 2020 WL 5231317, at *2 (D. Kan. 2020) ("The fact that [the defendant] is African-American does not constitute a risk factor for COVID-19 in the same way that an underlying medical condition does.") (collecting cases); *United States v. Green*, 2020 WL 3642860, at *4 (W.D. Pa. 2020) (noting the CDC's data that African-Americans have been disproportionately affected by COVID-19 but also noting that the data is unclear as to whether race is an independent factor).

[12] *United States v. Dial,* 2020 WL 4933537, at *3 (D. Kan. 2020) (citing *United States v. Seymon*, 2020 WL 2468762, at *4 (C.D. Ill. May 13, 2020) ("The Court does not seek to minimize the risks that COVID-19 poses to inmates in the BOP," however, "the mere presence of COVID-19 in a particular prison cannot justify compassionate release – if it could, every inmate in that prison could obtain release.").

Accordingly, Defendant does not meet his burden in demonstrating extraordinary and compelling circumstances warranting a modification of his sentence.

**C.    Section 3553(a) Factors**

The Court's conclusion is bolstered by a consideration of the applicable sentencing factors enumerated in 18 U.S.C. § 3553(a).[13] Some of these factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentence disparities.[14]

Defendant pleaded guilty to the offense of distribution of methamphetamine. The sentencing guideline range was 120 to 125 months based on Defendant's criminal history category and total offense level. The Court sentenced Defendant to 60 months.

At this point, Defendant has served approximately 80 percent of his sentence. The Court remains convinced that 60 months is the appropriate sentence. Reducing Defendant's sentence to time served would not reflect the seriousness of Defendant's criminal conduct nor provide adequate deterrence or appropriate punishment. Furthermore, as noted above, Defendant is not at relatively high risk of contracting serious COVID-19 complications based on his medical condition of asthma. The Court finds that the 60-month sentence originally imposed remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense involved.

---

[13] 18 U.S.C. § 3582(c)(1) (stating that the court should consider the factors set forth in § 3553(a) when determining the length of imprisonment).

[14] 18 U.S.C. § 3553(a).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 116) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 26th day of January, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE